UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHARLES WILLIAM CARTER,
    Plaintiff

    vs

TOM PARPIN, et al.,
    Defendants

Case No. 1:05-cv-241

Spiegel, J.
Black, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate at the Ross Correctional Institution in Chillicothe, Ohio, brings this action pursuant to 42 U.S.C. § 1983 against Tom Parpin, a realtor in West Union, Ohio, and Real Living Village Realty in West Union, Ohio. On May 16, 2005, the Court notified plaintiff that it proposed to dismiss this action for failure to state a claim for relief under 42 U.S.C. § 1983 or the Fair Housing Act. (Doc. 4). The Court ordered plaintiff to show cause, in writing, why the Court should not dismiss the complaint and to file an amended complaint setting forth sufficient facts to establish a federal claim over which this Court might have jurisdiction. This matter is before the Court on plaintiff's response to the Court's show cause order and amended complaint. (Doc. 6).

Plaintiff's original complaint alleges that defendants Tom Parpin and Real Living Village Realty discriminated against plaintiff in violation of the Fair Housing Act, 42 U.S.C. § 3601 *et seq*. The complaint states that on January 30, 2005 and March 15, 2005, plaintiff sent written inquiries to defendants about the sale of property listed by Real Living Village Realty. (Doc. 1, Exhs. A, B). The complaint further alleges that defendants failed to respond to either inquiry. Plaintiff asserts that defendants' failure to respond was based on the fact that he is presently incarcerated. He states "he was refused negotiation of sale of the property because of his origin,

the fact that he is incarcerated." (Doc. 1 at 3).  Plaintiff alleges defendants' actions violated his civil rights and the Fair Housing Act.

Plaintiff's amended complaint and attachments thereto disclose that the real property in question was actually owned by plaintiff, but was being foreclosed upon by way of a judicial action against plaintiff, the judgment debtor, in the Adams County, Ohio Court of Common Pleas. (Doc. 6, Exhs. E, F).  The property was ultimately sold by sheriff's sale and the proceeds distributed to the lien holders.  Attached to plaintiff's amended complaint is a March 31, 2005 state court order indicating the real property in question was sold by sheriff's sale on December 20, 2004, in accordance with the judgment decree in foreclosure previously issued by the court pursuant to Ohio law. (Doc. 6, Exh. F).  Despite this court order to the contrary, plaintiff alleges the property actually failed to sell on December 20, 2004 and the sheriff, contrary to Ohio law, "turned the sale of the property over to Real Living Realty and Tom Parpin."  Plaintiff alleges that defendants placed a "for sale" sign on the property in January 2005 and failed to respond to plaintiff's inquiries about purchasing the property.  He further alleges that the sheriff and defendants conspired "to cover up the fraud of the sale" by discriminating against plaintiff through their refusal to negotiate with him over the sale of the property.  Plaintiff's amended complaint again alleges a violation of the Fair Housing Act on the basis of his status as an incarcerated individual.

To the extent plaintiff alleges a civil rights action pursuant to 42 U.S.C. § 1983, the complaint fails to state a claim upon which relief may be granted.  In order to state a claim cognizable under 42 U.S.C. § 1983, plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was caused by

2

one acting under color of state law. *Graham v. National Collegiate Athletic Association*, 804 F.2d 953, 957 (6th Cir. 1986) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 517 (1984)). For a private individual or private company to be considered state actors for purposes of section 1983, plaintiff must allege facts from which it may reasonably be inferred that the private parties' conduct may be "fairly attributable to the state." *Brentwood Academy v. Tennessee Secondary School Athletic Association*, 531 U.S. 288, 295 (2001); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). Plaintiff fails to allege any facts indicating the defendants participated in the state court foreclosure action or in the sheriff's sale held on December 20, 2004. However, he alleges that the defendants conspired with the sheriff to cover up the fraud allegedly perpetrated by each. Even assuming defendants' actions can be fairly attributable to the state in this instance, the complaint and amended complaint nevertheless fail to state a claim upon which relief may be granted because plaintiff fails to allege facts showing he was deprived of a right secured by the Constitution or laws of the United States.

Plaintiff fails to state a claim for conspiracy because he has failed to state a colorable constitutional claim against the defendants and has pled no facts in support of such claim. To state a claim for conspiracy to violate a right protected by § 1983, plaintiff must allege not only an agreement by defendants to violate plaintiff's constitutional rights, but also an actual deprivation of a constitutional right. *Dixon v. City of Lawton, Okl.*, 898 F.2d 1443, 1449 (10th Cir. 1990); *Farrar v. Cain*, 756 F.2d 1148, 1151 (5th Cir. 1985); *Landrigan v. City of Warwick*, 628 F.2d 736, 742-43 (1st Cir. 1980). To plead and prove one without the other is insufficient. *Id.* "[T]he essence of a § 1983 claim is the deprivation of the right rather than the conspiracy."

*Dixon*, 898 F.2d at 1449. Here, plaintiff alleges he was deprived of "the right to negotiate and buy property" by virtue of his incarceration. With the exception of the Fair Housing Act discussed below, there is nothing in the Constitution or federal laws that grants any person a protected entitlement to purchase real estate. Therefore, the amended complaint fails to allege facts showing a deprivation of a constitutional right. In addition, plaintiff has failed to allege with specificity overt acts which defendants engaged in which were reasonably related to the promotion of the claimed conspiracy. *Nation v. United States Government*, 512 F. Supp. 121, 125 (S.D. Ohio 1981). His conclusory allegations to the contrary are insufficient to state a claim for relief under § 1983. *See Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987); *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987). Accordingly, plaintiff's conspiracy and section 1983 claims should be dismissed.

Plaintiff's complaint and amended complaint also fail to state a claim for relief under the Fair Housing Act. The Fair Housing Act provides that it is unlawful "to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, or *national origin*." 42 U.S.C. § 3604(a)(emphasis added). The Act prohibits discrimination on the basis of "national origin," not merely "origin" as plaintiff alleges. The term "national origin" refers to a person's ancestry, *Espinoza v. Hillwood Square Mut. Association*, 522 F. Supp. 559, 568 (E.D. Va. 1981), citing *Espinoza v. Farah Manufacturing Co.*, 414 U.S. 86, 88 (1973), and not his status as an incarcerated individual. Therefore, plaintiff has no valid claim for relief under the Fair Housing Act.

Finally, plaintiff alleges that defendants violated state law by their actions described herein. Even assuming plaintiff's complaint may state a claim for a violation of state law, the

failure to comply with a state law or regulation is not a constitutional violation, *see Barber v. City of Salem, Ohio*, 953 F.2d 232, 240 (6th Cir. 1992); *Danese v. Asman*, 875 F.2d 1239, 1245 n. 5 (6th Cir.1989), *cert. denied*, 494 U.S. 1027 (1990), and the Court is precluded from exercising diversity jurisdiction over this matter as both plaintiff and defendants reside in Ohio. *See* 28 U.S.C. § 1332.

For these reasons, it is **RECOMMENDED** that plaintiff's complaint and amended complaint be sua sponte **DISMISSED** for failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6).


Date: 6/13/2005                                              s/Timothy S. Black
                                                             Timothy S. Black
                                                             United States Magistrate Judge

5

**NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R&R**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **TEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

K:\KLL\SCREENIN\05-241R&R.wpdpub