# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

CHARLES WILLIAM CARTER,
    Plaintiff                             Case No. 1:05-cv-241

    vs                                     Spiegel, J.
                                          Black, M.J.

TOM PARPIN, et al.,
    Defendants                     **REPORT AND RECOMMENDATION**

       Plaintiff, an inmate at the Ross Correctional Institution in Chillicothe, Ohio, brings this action pursuant to 42 U.S.C. § 1983 against Tom Parpin, a realtor in West Union, Ohio, and Real Living Village Realty in West Union, Ohio. This matter is before the Court on defendants' motion to dismiss (Doc. 5), plaintiff's responses thereto (Docs. 11, 14), and defendants' reply memorandum (Doc. 13), on plaintiff's motion for default judgment (Doc. 7) and defendants' response thereto (Doc. 10), and on plaintiff's motion to supplement the complaint. (Doc. 15).

       On June 14, 2005, the undersigned recommended that plaintiff's original and amended complaints be sua sponte dismissed for failure to state a claim for relief under 42 U.S.C. § 1983 or the Fair Housing Act. (Doc. 9). The Court incorporates by reference its previous Report and Recommendation. For the reasons stated in the Report and Recommendation, as well as those set forth in the memorandum in support of defendants' motion to dismiss, defendants' motion to dismiss for failure to state a claim for relief should be granted.

       Plaintiff's motion for default judgment should be denied. Plaintiff served his complaint on defendants on May 11, 2005. (Doc. 8). On May 26, 2005, within twenty (20) days of service of the complaint, defendants filed their motion to dismiss plaintiff's complaint. *See* Fed. R. Civ. P. 12. Under the Federal Rules of Civil Procedure, a motion to dismiss constitutes a responsive

pleading. Accordingly, defendants' responsive pleading was timely filed and default judgment is not warranted in this matter.

Plaintiff's motion to supplement his original and amended complaints should also be denied. Plaintiff's motion seeks to add as defendants in this matter the Adams County Clerk of Courts, the Adams County Sheriff, and Ty and Jene' Pell of West Union, Ohio. Plaintiff alleges that "issues 3-9 remain the same," which in the context of the original complaint indicates plaintiff is reasserting his constitutional and federal law claims. (Doc. 15 at 2). Plaintiff's proposed supplemental complaint also alleges that these new defendants violated several provisions of state law in connection with the sale of property.

For the reasons previously stated by the Court, plaintiff's supplemental complaint fails to state a claim for relief under section 1983 or the Fair Housing Act. In addition, even assuming plaintiff's supplemental complaint may state a claim for relief for a violation of state law, the failure to comply with a state law or regulation is not a constitutional violation, *see Barber v. City of Salem, Ohio*, 953 F.2d 232, 240 (6th Cir. 1992); *Danese v. Asman*, 875 F.2d 1239, 1245 n. 5 (6th Cir.1989), *cert. denied*, 494 U.S. 1027 (1990), and the Court is precluded from exercising diversity jurisdiction over this matter as both plaintiff and the proposed defendants reside in Ohio. *See* 28 U.S.C. § 1332.

Finally, the "conclusion" section of plaintiff's proposed supplemental complaint purportedly alleges violations of the second part of 42 U.S.C. § 1985(2)[1] as well as 42 U.S.C.

---

[1] The first part of 42 U.S.C. § 1985(2) concerns the existence of a conspiracy to use threat, force, or intimidation of a witness or party to obstruct justice in federal court, *Ellison v. Leffler*, 30 F.3d 133, 1994 W.L. 276926, **2 (6th Cir. 1994), citing *Dooley v. Reiss*, 736 F.2d 1392, 1395-96 (9th Cir.), *cert. denied*, 469 U.S. 1038 (1984), which is inapplicable to the instant case.

§ 1986. (Doc. 15 at 5).  To state a claim for relief under the second part of section 1985(2), which proscribes conspiracies to deny or interfere with equal protection rights, plaintiff must allege facts showing racial or other class-based discriminatory animus.  *See Ellison v. Leffler*, 30 F.3d 133, 1994 W.L. 276926, \*\*2 (6th Cir. 1994), citing *Kush v. Rutledge*, 460 U.S. 719, 726 (1983); *Bennett v. Batchik*, No. 90-2036, 1991 W.L. 110385, at \*6 (6th Cir. 1991).  Plaintiff must allege facts showing that the challenged conduct either classifies persons in terms of their ability to exercise a fundamental right or establishes a classification based upon race, national origin, alienage, illegitimacy, or gender. *Willing v. Lake Orion Community Schools Bd. Of Trustees*, 924 F. Supp. 815, 819 (E.D. Mich. 1996).  Plaintiff's classification as an incarcerated individual does not qualify.  *See Rose v. Leaver*, No. 01-3881, 2002 W.L. 1001028, at \*2 (6th Cir. May 15, 2002), citing *Pryor v. Brennan*, 914 F.2d 921, 923 (7th Cir. 1990).  Because plaintiff has failed to allege any facts identifying the existence of an invidious class, his complaint fails to state a claim for relief under section 1985(2).  In addition, since plaintiff states no valid claim for relief under § 1985, his § 1986 claim fails by definition.  *See* 42 U.S.C. § 1986; *Harris v. Board of Education,* 798 F. Supp. 1331, 1346 (S.D. Ohio 1992)("A violation of § 1986 requires as a necessary prerequisite a violation of § 1985").  Accordingly, plaintiff's proposed supplemental complaint fails to state a claim for relief and should be denied.  *See Matthews v. Jones*, 35 F.3d 1046, 1050 (6th Cir. 1994)(motion to amend may be denied where complaint, as amended, could not withstand a motion to dismiss).

**IT IS THEREFORE RECOMMENDED THAT:**

1.  Defendants' motion to dismiss (Doc. 5) be GRANTED.

2. Plaintiff's motion for default judgment (Doc. 7) be DENIED.

3. Plaintiff's motion to supplement the complaint (Doc. 15) be DENIED.

4. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith.  *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).


Date:   8/19/2005                                           s/Timothy S. Black
                                                                           Timothy S. Black
                                                                           United States Magistrate Judge

**NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R&R**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **TEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

K:\KLL\05-241R&Rmtd.wpdpub