# UNITED  STATES  DISTRICT  COURT
## SOUTHERN  DISTRICT  OF  OHIO
### WESTERN  DIVISION

CHARLES WILLIAM CARTER,
     Plaintiff                                        Case No. 1:05-cv-241

     vs                                                     Spiegel, J.
                                          Black, M.J.

TOM PARPIN, et al.,
     Defendants                                   **REPORT AND RECOMMENDATION**


Plaintiff, an inmate at the Ross Correctional Institution in Chillicothe, Ohio, brings this action pursuant to 42 U.S.C. § 1983 against Tom Parpin, a realtor in West Union, Ohio, and Real Living Village Realty in West Union, Ohio.  This matter is before the Court on plaintiff's motion for default judgment (Doc. 19), defendants' memorandum in opposition thereto (Doc. 22), defendants' motion to strike plaintiff's motion for default judgment (Doc. 23), plaintiff's motion to strike defendants' motion to strike (Doc. 24), and defendants' memorandum in opposition to plaintiff's motion to strike defendants' motion to strike. (Doc. 26).

Plaintiff's motion for default judgment is premised on the failure of the Adams County Clerk of Courts, the Adams County Sheriff, and Ty and Jene' Pell, the new defendants named in his motion for leave to supplement the complaint (Doc. 15), to answer the proposed supplemental complaint.  However, on August 19, 2005, the undersigned recommended that plaintiff's motion to supplement his original and amended complaints be denied because the proposed supplemental complaint fails to state a claim for relief under sections 1983, 1985, 1986,  or the Fair Housing Act. (Doc. 16).  *See Matthews v. Jones*, 35 F.3d 1046, 1050 (6th Cir. 1994) (motion to amend may be denied where complaint, as amended, could not withstand a motion to dismiss).  Because the district court has not yet ruled on the recommendation of the

undersigned magistrate judge, the only operative complaints in this matter are plaintiff's original and amended complaints which name as defendants Tom Parpin and Real Living Village Realty. (Docs. 1, 6).  Therefore, the failure of any other individuals to file an answer in this lawsuit is of no legal significance.  For these reasons, plaintiff's motion for default judgment is without merit and should be denied.

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's motion for default judgment (Doc. 19) be DENIED.

2.  Defendants' motion to strike plaintiff's motion for default judgment (Doc. 23) be DENIED as moot.

3.  Plaintiff's motion to strike defendants' motion to strike (Doc. 24) be DENIED as moot.

4.  The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith.  *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date:   11/2/2005                 s/Timothy S. Black
                                                    Timothy S. Black
                                                    United States Magistrate Judge

**NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R&R**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **TEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

K:\KLL\05-241R&Rdefjudgt.wpdpub