```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

CHARLES WILLIAM CARTER,          :        No. 1:05-CV-00241
                                 :
        Plaintiff,                :
                                 :
            v.                   :        **OPINION AND ORDER**
                                 :
TOM PARPIN et. al.,              :
                                 :
        Defendants.              :

This matter is before the Court on three related Magistrate Judge's Report and Recommendations (docs. 9, 16, & 27). The Magistrate Judge's first Report and Recommendation, issued June 14, 2005, recommended the sua sponte dismissal of Plaintiff's Complaint for failure to state a claim (doc. 9). Plaintiff objected (doc. 12), and the parties filed respective dispositive motions (docs. 5 & 7). The Magistrate Judge's second Report and Recommendation addressed the parties' subsequent motions, and recommended that Defendants' Motion to Dismiss be granted (doc. 16). Plaintiff again filed Objections (doc. 17), and Defendants Responded (doc. 18). Plaintiff then filed a Reply (doc. 20) to Defendants' Response (doc. 18). Finally, in response to Plaintiff's Motion for Default Judgment (doc. 19), the Magistrate Judge issued a third Report and Recommendation (doc. 27) again finding in favor of Defendants. Plaintiff filed Objections (doc. 29) and Defendants Responded (doc. 30). Having reviewed this matter, and for the reasons indicated herein, the Court affirms the

Magistrate Judge in all respects.

**I. Background**

Plaintiff is an inmate at the Ross Correctional Institution in Chillicothe, Ohio (doc. 9). He brought the original action, pro se, pursuant to 42 U.S.C. § 1983 against Tom Parpin, a realtor in West Union, Ohio and Real Living Village Realty in West Union, Ohio (doc. 9). Plaintiff later amended his Complaint to include allegations that Defendants violated the Fair Housing Act (Id.); he alleged that Defendants had illegally discriminated against him because he was incarcerated (Id.).

Plaintiff's allegations center on the foreclosure and sale of property during his incarceration. The Adams County, Ohio Court of Common Pleas heard a judicial action resulting in foreclosure on Plaintiff's property (Id.). The property was ultimately sold by sheriff's sale, with the proceeds distributed to the lien holders (Id.) Despite a court order showing the contrary (doc. 6, Exh. F.), Plaintiff alleges the property actually failed to sell during the sheriff's sale and that the property was then given for sale to Real Living Realty and Tom Parpin (doc. 9). According to Plaintiff, Real Living Realty and Tom Parpin placed a "for sale" sign on the property in January 2005, but failed to respond to Plaintiff's inquiries about purchasing the property (Id). Plaintiff alleges that the refusal of Defendants to respond to his inquiries was due in part to a conspiracy among Real Living

Realty, Tom Parpin, and the sheriff to cover up a fraudulent sale. (Id.)

Plaintiff filed his Complaint on April 11, 2005 (doc. 1). On May 16, 2005, the Court notified Plaintiff that it proposed to dismiss his Complaint sua sponte for failure to state a claim for which relief could be granted (doc. 4). Plaintiff filed a Response to the Magistrate Judge's Order to Show Cause (doc. 6). After reviewing the Response and Amended Complaint, the Magistrate Judge recommended the sua sponte dismissal of Plaintiff's Complaint and Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) (doc. 9).

After notification by the Court of its proposed sua sponte dismissal, Defendants filed a motion to dismiss (doc. 5.) and Plaintiff filed a motion for default judgment (doc. 7). Plaintiff further submitted a motion to supplement the Complaint by adding as Defendants the Adams County Clerk of Courts, the Adams County Sheriff and Ty and Jene' Pell of West Union, Ohio (doc. 16). The Magistrate Judge reviewed these motions and the parties' responses and issued his second Report and Recommendation (doc. 16), finding that: 1) Defendants' motion to dismiss should be granted, 2) Plaintiff's motion for default judgment should be denied, and 3) that Plaintiff's motion to supplement the complaint should be denied (Id). The Magistrate Judge further recommended certification pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of the Court's Order would not be taken in good faith (Id).

3

After the Magistrate Judge's second Report and Recommendation on this matter, the Plaintiff filed a second motion for default judgment (doc. 19). In his third and final Report and Recommendation (doc. 27), the Magistrate Judge recommended that Plaintiff's second motion for default judgment be denied, and again recommended certification pursuant to 28 U.S.C. § 1915(a)(3) that an appeal would not be taken in good faith (Id.).

**II. Discussion**

Under Fed. R. Civ. P. 12(b)(6), the Court can dismiss a claim for relief only if it determines that the plaintiff can prove no set of facts upon which relief may be granted. Scotts Co. v. Central Garden & Pet Co. 403 F.3d 781 (6th Cir. 2005). The relevant inquiry is whether "the facts alleged in the complaint, when read in the best possible light, state a claim cognizable in federal court." Grindstaff v. Green, 133 F.3d 416 (6th Cir. 1998).

**A. The Magistrate Judge's Report and Recommendations (docs. 9, 16 & 27) and Plaintiff's Objections.**

**1. First Report**

The Magistrate Judge determined in his first Report and Recommendation that Plaintiff's 42 U.S.C. § 1983 Claim and Fair Housing Act Claims should be dismissed sua sponte as Plaintiff "fail[ed] to allege facts showing he was deprived of a right secured by the Constitution or laws of the United States" (doc. 9).

The Magistrate Judge reasoned that there was no Section 1983 claim because no federal law or constitutional provision guaranteed a right to negotiate for and purchase real estate (Id.). Further, there could be no claim under the Fair Housing Act because the act only prohibits discrimination based upon race, color, religion, or national origin (Id.). Although Plaintiff had made an argument that his incarcerated status should qualify as a place of origin (Id.), the Magistrate found that the act only referred to discrimination based upon "national origin" and according to Espinoza v. Hillwood Square Mut. Association F. Sup 559, 568 (E.D. Va. 1981), "national origin" necessarily referred to a person's ancestry (Id.).

In Plaintiff's Objection (doc. 12), Plaintiff attacks the Magistrate Judge's May 16, 2005 Order to Show Cause, which cites 28 U.S.C. §1915A for the proposition that sua sponte review of Plaintiff's Complaint is justified, regardless of indigency (doc. 12). Plaintiff cites to both Benson v. O'Brian 179 F.3d 1014 (6th Cir. 1999) and O'Brien v. United States Dept. Of Justice, 927 F. Supp. 382, 385 (D. Ariz. 1995) which states "in any case where subject matter jurisdiction is satisfied, the Court cannot initially screen and sua sponte dismiss the claim as frivolous on its merits unless the claimant is proceeding in forma pauperis under 28 U.S.C. § 1915." Plaintiff argues the Magistrate Judge misinterpreted 28 U.S.C. § 1915A, which Plaintiff states is

5

inapplicable to his case because he did not file his case in forma pauperis (Id.). Plaintiff offers no further argument in his Objection, and in no way addresses the Magistrate Judge's underlying finding that his Complaint alleges no viable federal causes of action.

**2. Second Report**

In his second Report and Recommendation, the Magistrate Judge determined that Plaintiff's motion for default judgment should be dismissed (doc. 16). The Magistrate Judge disagreed with Plaintiff's theory that Defendants had not timely filed a responsive pleading, and therefore Plaintiff should be granted default judgment (Id.). Because Defendants had filed a motion to dismiss within 20 days of service (doc. 16), the Magistrate Judge found such filing to constitute a timely filed and responsive pleading under Fed. R. Civ. P. 12 (Id.).

The Magistrate Judge further determined that Plaintiff's motion to add defendants should be denied as Plaintiff's underlying Complaint still lacked any federal or constitutional claim, and should be dismissed in accordance with the first Report and Recommendation (Id.). The Magistrate Judge reiterated that Plaintiff's Complaint failed to state a claim for relief under Section 1983 or the Fair Housing Act (Id.).

As for Plaintiff's proposed supplemental complaint, which alleges violations of 42 U.S.C. § 1985(2), for alleged conspiracy

6

to obstruct justice, and 42 U.S.C. § 1986, for alleged negligence in failing to prevent such an alleged conspiracy, the Magistrate Judge found no actionable claims (Id.). The Magistrate Judge found that Section 1985 is inapplicable to claims like Plaintiff's, which are based on his classification as an incarcerated individual (Id. citing Rose v. Leaver, No. 01-3881, 2002 W.L. 1001028, at *2 (6th Cir. May 15, 2002)(holding that status as an incarcerated individual would not qualify the plaintiff for class-based discrimination under § 1985)(Id.). Because a 42 U.S.C. § 1986 claim requires a valid Section 1985 claim to proceed, the Magistrate Judge recommended dismissal of the Section 1986 claim as well (Id. citing Harris v. Board of Education, 798 F. Supp. 1221 (S. D. Ohio 1992)).

In Plaintiff's objection to the Magistrate Judge's second Report and Recommendation, he again challenges the Magistrate Judge's reference to 28 U.S.C. § 1915 (doc. 17). He reasserts that Section 1915 does not apply because he is not proceeding in forma pauperis (Id.). Plaintiff concedes that his motion for default judgment should be denied. Plaintiff further alleges that the Magistrate Judge is biased against him, and restates his allegations, but does not allege any new cause of action (Id.).

### 3. Third Report

In his Third Report and Recommendation (doc. 27), the Magistrate Judge found no merit in Plaintiff's motion for default

7

judgment for failure of the Adams Clerk of Courts, the Adams County Sheriff, and Ty and Jene' Pell to answer Plaintiff's proposed supplemental complaint (doc. 15). The Magistrate determined that because he had recommended the denial of the Plaintiff's motion to add these persons as Defendants and because this District Court had not yet ruled on such recommendation, failure of the named parties to respond to the proposed supplemental complaint was of no legal significance (doc. 27).

In Plaintiff's Objection to the Magistrate Judge's third and Final Report and Recommendation he alleges that his motion for default judgment was correct under Southern District Local Rule 55.1 and again brings up the Magistrate Judge's reference to 28 U.S.C. § 1915 (doc. 29). Plaintiff again contends that 28 U.S.C. § 1915 is inapplicable and alleges that the Magistrate Judge's consistent reference to this provision demonstrates bias (Id.).

**B. Analysis**

Having reviewed this matter, the Court finds the Magistrate Judge's Reports and Recommendations correct. Plaintiff has failed to state a cognizable claim under the Fair Housing Act, 42 U.S.C. § 3601 et seq. Because of the plain meaning of the term "national origin" and the interpretation that it necessarily refers to a place of a person's ancestry, Espinoza, 522 F. Supp. 559, Plaintiff does not have a claim under the statute based upon his status as an incarcerated individual.

8

Furthermore, Plaintiff does not have a claim under 42 U.S.C. § 1983. He has not put forth a cognizable allegation that he was deprived of a right secured by the Constitution or the laws of the United States and therefore does not meet the requirements of the statute, see 42 U.S.C § 1983, or the test articulated by the 6th Circuit Court of Appeals in Graham v.National Collegiate Athletic Association. 804 F.2d 953 (6th Cir. 1986).

Plaintiff's 42 U.S.C. § 1985 claim must fail because his status as an incarcerated individual does not qualify as class based discrimination under the statute. Rose 2002 W.L. 1001028. Without a Section 1985 claim, his 42 U.S.C. § 1986 claim is also without legal merit. A Section 1986 claim necessarily depends upon the presence of a Section 1985 claim. See 42 U.S.C. § 1986.

Rather than addressing any of the above legal authority, Plaintiff focused his energy on questioning whether the court could legitimately dismiss his case sua sponte. That entire question need not even be reached, as Defendants filed a motion to dismiss that essentially incorporates all of the Magistrate Judge's legal reasoning (doc. 5). The Magistrate Judge subsequently recommended that Defendant's motion be granted (doc. 16). However, for purposes of clarification for Plaintiff, the Court notes that his argument appears to have conflated two separate statutory

9

provisions, 28 U.S.C. § 1915 and 28 U.S.C. § 1915A.[1]

Additionally, it seems Plaintiff has misunderstood the Magistrate Judge's reference to 28 U.S.C. § 1915(a) in recommending certification that an appeal of the Court's Order would not be taken in good faith (docs. 17, 29). Plaintiff contends the Magistrate Judge has wrongly assumed Plaintiff has failed to pay the full filing fee (docs. 17, 29). In fact, the Magistrate Judge correctly recognized that Plaintiff paid the filing fee for this stage of litigation (doc. 4). The Magistrate Judge is simply recommending certification that an appeal of the Court's Order would not be taken in good faith so that Plaintiff could not proceed at a _future_ time _in forma pauperis_ (docs. 16, 27).

Plaintiff conceded that his first motion for default

---

[1] In his May 16, 2005 Order to Show Cause, the Magistrate Judge paraphrased a 6th Circuit Court of Appeals interpretation of 28 U.S.C. § 1915A. He stated that application of the provision "is appropriate regardless of indigency status when the complaint seeks redress from a governmental entity, officer, or employee (doc. 4)(citing _Benson v. O'Brian_ 179 F.3d 1014 (6th Cir. 1999). In his first Objection, Plaintiff referenced another portion of _Benson_, interpreting not Section 1915A, but rather 28 U.S.C. § 1915(e)(2)(A)(doc 12). Plaintiff correctly reads _Benson_, to say that 28 U.S.C. § 1915 only applies to actions _in forma pauperis_ (_Id._), but argues that because he paid the full filing fees for this proceeding, the case is not subject to _sua sponte_ dismissal under the entirely different provision, 28 U.S.C. § 1915A (_Id._). 28 U.S.C. § 1915A, as correctly noted by the Magistrate Judge, deals with the screening of claims brought by incarcerated individuals but is not dependent upon whether the proceeding is brought _in forma pauperis_. _Benson_ 179 F.3d. 1014. Plaintiff's reliance on _O'Brien v. United States Dept. of Justice_, 927 F. Supp. 382, 385 (D. Ariz. 1995), similarly fails. The Court cannot exercise subject matter jurisdiction over allegations that fail to state any cognizable federal claim.

judgment should be denied, and the Court finds the Magistrate Judge's analysis correct that Defendants timely filed a responsive pleading. The Court therefore will deny such motion. As for Plaintiff's second motion for default judgment, it pertains to individuals in the supplemental complaint, which as explained above, fails to state any cognizable federal claim. The Magistrate Judge correctly found that Plaintiff's second motion for default judgment fails because the lack of response from individuals not party to the suit is of no legal significance. Matthews v. Jones, 35 F.3d 1046, 1050 (6th Cir. 1994).

### III.  Conclusion

Having reviewed and considered this matter de novo, in accordance with Fed. R. Civ. P. 72(b), the Court finds the Magistrate Judge's Report and Recommendations thorough and well reasoned. Plaintiff has failed to state a claim cognizable in federal court. As such, this matter is properly dismissed under Fed. R. Civ. P. 12(b)(6).

Accordingly, the Court ADOPTS each of the Magistrate Judge's Reports (docs. 9, 16, 27) and AFFIRMS the Magistrate Judge's Recommendations in this matter. The Court GRANTS Defendants' Motion to Dismiss (doc. 5), DENIES Plaintiff's Motions for Default Judgment (doc. 7 & 19), DENIES Plaintiff's Motion to Supplement the Complaint (doc. 15), DENIES Defendants' Motion to

Strike Plaintiff's Motion for Default Judgment (doc. 23) as Moot, DENIES Plaintiff's Motion to Strike Defendants' Motion to Strike (doc. 24) as moot, and CERTIFIES pursuant to 28 U.S.C. § 1915(a)(3) that for the reasons indicated herein an appeal of this Court's Order would not be taken in good faith. <u>McGore v. Wrigglesworth</u>, 114 F.3d 601 (6th Cir. 1997). The Court DISMISSES this case from its docket.

       SO ORDERED


Date: March 7, 2006        <u>/s/ S. Arthur Spiegel       </u>
                                      S. Arthur Spiegel
                                      United States Senior District Judge